F. Kevin Bond (5039)
Budge W. Call (5047)
Harpreet Kaur (15876)
**BOND & CALL, L.C.**
JVDGE Building
8 East Broadway, Suite 720
Salt Lake City, Utah 84111
Telephone (801) 521-8900
Facsimile (801) 521-9700
Email kbond@bondcall-law.com
Email bcall@bondcall-law.com
Email hp@bondcall-law.com
  *Attorneys for Plaintiff Ingu Min*

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| INGU MIN, an Individual, | **COMPLAINT** |
| Plaintiff, | [JURY DEMAND] |
| v. | |
| DON C. BROUGHTON, an Individual; and WAL-MART TRANSPORTATION, LLC, | Civil No. 2:17-cv-01027-RJS<br>Judge: Robert J. Shelby |
| Defendants. | |

**COMES NOW**, the Plaintiff, Ingu Min, by and through counsel, F. Kevin Bond of BOND & CALL, L.C., and hereby complains and alleges against the above-named Defendants, as follows:

## PARTIES

1. Plaintiff, Ingu Min (hereafter "Min"), is a resident of the State of Utah.

2. Defendant, Don C. Broughton (hereafter "Broughton"), is a resident of Utah and was conducting business in the State of Utah at the time of the incident described herein.

3. Defendant, Wal-Mart Transportation, L.L.C. (hereafter "Wal-Mart"), is an Arkansas limited liability company, with its principal place of business in Bentonville, Arkansas.

4. The above Defendants, Broughton and Wal-Mart, were at all times relevant to this case, doing business in and/or directing their activities in the State of Utah and within the judicial district of this Court.

## JURISDICTION AND VENUE

5. The Plaintiff in this case is seeking damages in excess of $75,000, exclusive of interest and costs.

6. This Court has jurisdiction in this case pursuant to 28 U.S.C § 1332, as the amount sought in this case exceeds $75,000; and this case involves citizens of different states. 28 U.S.C. §§ 1332(a)(1) and (c)(1).

7. Venue for this action lies with this Court as the incident herein occurred in the State of Utah and within the judicial district of this Court.  28 U.S.C. §§ 125(2) and 1391(b)(2).

## GENERAL ALLEGATIONS

8. Prior to the automobile collision giving rise to this lawsuit, the Defendant, Don C. Broughton ("Broughton") obtained employment as a commercial truck driver for the Defendant Wal-Mart Transportation LLC, ("Wal-Mart").

9. At all times relevant hereto the Defendant Broughton was employed by Wal-Mart and Wal-Mart exercised day to day control over Broughton. At the time of the incident herein, the Defendant Broughton was acting in the course and scope of his employment with Wal-Mart.

10. At the time of the incident herein, Defendant Broughton was driving a 2012 Kenworth truck and trailer combination, commonly known as a "semi-truck".

11. The semi-truck operated by Broughton and the trailer which it was pulling were both owned by the Defendant, Wal-Mart, and emblazoned with Wal-Mart's logo.

12. On April 15, 2015, at approximately 7:30 a.m., during daylight hours, Plaintiff, Ingu Min was traveling westbound on Interstate-80, near Lake Point, Utah, and milepost 99, on the multi-lane Interstate.

13. It was snowing that day and snow was on the roadway. Mr. Min was traveling in the left lane of the multi-lane Interstate because it had been recently plowed, and it had fewer obstructions than the right lane.

14. Mr. Min had the lights on his car turned on to insure visibility due to the current weather conditions. Mr. Min was not operating his car in a careless or negligent manner, and as an extra precaution, was traveling between 15-20 MPH, given the current road conditions.

15. As Mr. Min was traveling on the Interstate, his vehicle was violently struck from behind by the semi-truck driven by the Defendant Broughton. The Defendant's semi-truck slammed into the rear of Mr. Min's vehicle at an impact speed of 50 MPH. Mr. Min's vehicle was hit with such extreme force that it was violently thrown into the cable barrier and Mr. Min was rendered unconscious. Mr. Min had to be transported by ambulance to the hospital.

16.     As a result of this collision Mr. Min experienced severe pain and suffering and continues to suffer great pain and debilitating injuries. Mr. Min has further incurred a substantial amount in medical bills and other damages, as a result of the incident.

## FIRST CAUSE OF ACTION
### (Negligence – Don C. Broughton)

17.     Plaintiff hereby incorporates by reference the preceding paragraphs as if fully set forth herein, and alleges as follows.

18.     Defendant Broughton negligently operated the semi-truck entrusted to him by Wal-Mart when he failed to keep a proper lookout, failed to perceive a hazard, failed to keep the vehicle under reasonable control, and/or failed to properly operate the vehicle under the current conditions to avoid the foreseeable danger and collision in this case.

19.     Defendant Broughton further failed to keep a proper lookout, failed to perceive a potential hazard, and/or failed to take any appropriate actions regarding the foreseeable hazard, such as merging to the right and/or slowing his semi-truck –either of which could have prevented the collision and the injuries and damages to Mr. Min.

20.     Defendant Broughton, a professional truck driver with a commercial driver's license, not only owed the duties of a commercial driver pursuant to Utah law, but also the duties of a commercial truck driver under federal law.

21.     Defendant Broughton breached his duties to the Plaintiff, Mr. Min, and was negligent in the operation of his semi-truck, resulting in the collision with Mr. Min's vehicle.

22. The accident in this case was the direct result of Defendant Broughton's conduct and negligence. No other parties, including the Plaintiff, contributed to the accident in this case. There were no intervening or superseding causes, or actions by any other person, contributing to the accident, or preventing the Defendant Broughton from avoiding the accident in this case.

23. As a direct result of Defendant Broughton's conduct Mr. Min has suffered and continues to suffer injuries and damages, entitling him to general and special damages: including special damages for his medical bills, lost wages, lost income, lost business opportunities, and other economic benefits, with interest; and general damages for his pain and suffering, mental anguish, emotional distress, loss of enjoyment of life, loss of family association, loss of mobility, disability, disfigurement, and other general damages, in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
**(Negligence – Wal-Mart Transportation, LLC)**

24. Plaintiff hereby incorporates by reference the preceding paragraphs as if fully set forth herein, and alleges as follows.

25. At all times relevant hereto Wal-Mart Transportation, LLC ("Wal-Mart") was the owner of the semi-truck operated by the Defendant Broughton and was Broughton's employer.

26. Wal-Mart was negligent in its hiring, control and/or supervision of Broughton.

27. Wal-Mart failed to properly train, control and/or supervise the Defendant Broughton in his operation of the semi-truck he was driving at the time of the incident herein.

28. Wal-Mart, as employer a commercial truck driver, not only owed duties pursuant to Utah law; but also the duties of an employer of a commercial truck driver under federal law.

29.     As a result of Wal-Mart's negligence, Mr. Min has suffered and continues to suffer injuries and damages, and is entitled to general and special damages: including special damages for his medical bills, lost wages, lost income, lost business opportunities, and other economic benefits, with interest; and general damages for his pain and suffering, mental anguish, emotional distress, loss of enjoyment of life, loss of family association, loss of mobility, disability, disfigurement, and other general damages, in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (Vicarious Liability – Wal-Mart Transportation, LLC)

30.     Plaintiff hereby incorporates by reference the preceding paragraphs as if fully set forth herein, and alleges as follows.

31.     At all times relevant hereto Wal-Mart Transportation, LLC ("Wal-Mart") was the owner of the semi-truck operated by the Defendant Broughton and was Broughton's employer.

32.     At the time of the accident Defendant Broughton was employed by Wal-Mart and Wal-Mart exercised day to day control over Broughton.  The Defendant Broughton was acting within the course and scope of his employment with Wal-Mart and was acting as an employee, agent, or representative of Wal-Mart at the time of the accident.  Wal-Mart is thus vicariously liable for Broughton's conduct and the injuries and damages suffered by Mr. Min in this case.

33.     As a direct result of Defendant Broughton's conduct, for which Wal-Mart is vicariously liable, Mr. Min has suffered and continues to suffer injuries and damages, and is entitled to general and special damages; including special damages for his medical bills, lost wages, lost income, lost business opportunities, and other economic benefits, with interest; and

general damages for his pain and suffering, mental anguish, emotional distress, loss of enjoyment of life, loss of family associations, loss of mobility, disfigurement, disability, and other general damages, in an amount to be determined at trial.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues triable by a jury in this case.

## PRAYER FOR RELIEF AS TO ALL COUNTS

Plaintiff hereby incorporates by reference the preceding paragraphs as if fully set forth herein, and states as follows.

WHEREFORE, as a direct and proximate result of Defendants' conduct and negligence described above herein, Plaintiff has suffered and will continue to suffer from his severe and debilitating injuries, has incurred and will continue to incur a substantial amount in medical bills, and has incurred other damages, in an amount to be determined at trial, but no less than $3 million dollars.  Therefore, Plaintiff prays for judgment against the Defendants, jointly and severally, for damages as follows:

1. For special damages, including the payment for past, present and future medical bills, including payment for any surgical or rehabilitative treatment and care.

2. For special damages, including payment for lost wages, lost income, lost business opportunities, the loss of Mr. Min's household services and assistance, and the loss of other economic benefits, with interest.

3. For general damages, including damages for Plaintiff's severe pain and suffering and debilitating injuries, mental anguish, emotional distress, loss of the enjoyment of life, loss of family associations, loss of mobility, disfigurement, disability, and other general damages, in the amount determined at trial.

4. For pre- and post-judgment interests, costs, attorney's fees and expenses;

5. For such other and further relief as the Court deems just and equitable

DATED this 13th day of September, 2017.

**BOND & CALL, L.C.**


\_\_*/s/ F. Kevin Bond*\_\_\_\_
**F. KEVIN BOND**
*Attorney for Plaintiff*